UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

K.F.G.,                                             :
     Plaintiff,                              :
                                 :
     v.                                         :     No. 5:25-cv-5051
                                 :
U.S. DEPARTMENT OF                                  :
HOMELAND SECURITY (DHS), *et al.*,                  :
     Defendants.                             :

_____

## **O P I N I O N**
### **Screening pursuant to 28 U.S.C. § 1915(e)(2)**

**Joseph F. Leeson, Jr.**                                    **September 25, 2025**
**United States District Judge**

     Plaintiff K.F.G., through counsel, initiated the above-captioned action alleging

unreasonable delay in the adjudication of her U-visa petition.  She also filed an Application to

Proceed in District Court Without Prepaying Fees or Costs.  The Application is granted and, for

the following reasons, Count II (Mandamus) is dismissed for failure to state a claim.

## I.    BACKGROUND

     Plaintiff, a citizen of Honduras, entered the United States in 2005 when she was

approximately fifteen (15) years old.  *See* Compl. ¶ 1, ECF No. 1.  Since that time, she has been

present in the United States.  *Id.* ¶ 9.  In 2012, she married J.G.R., with whom she has three

children who were all born in the United States.  *Id.* ¶¶ 34-35.  J.G.R. was physically and

verbally abusive throughout their marriage.  *Id.* ¶¶ 36-41.  They divorced in 2021.  *Id.* ¶ 45.  In

2020, K.F.G. sought and received a protective order based on the domestic abuse and stalking.

*Id.* ¶¶ 42-43.  She and her children have sought psychological counseling to help them cope with

the abuse.  *Id.* ¶ 48.

In February 2021, K.F.G. filed a petition for a U-visa status as a victim of domestic violence and stalking with United States Citizenship and Immigration Services ("USCIS"). *Id.* ¶¶ 52-53. She also filed an application for employment authorization. *Id.* ¶ 57. Due to a discrepancy as to when the U-visa application was received by USCIS, K.F.G. filed an amended U-visa application on May 6, 2021. *Id.* ¶¶ 53-56. Aside from issuing receipt notice and ordering K.F.G. to appear for a biometrics appointment on July 21, 2021, USCIS has not yet taken no other action regarding her application. *Id.* ¶¶ 60-62. As a result, K.F.G. is unable to work legally in the United States and lost her house that she lived in with her children since she could not afford it due to her inability to work legally. *Id.* ¶ 64. She has since remarried and relies on her new husband for financial support, as she remains unemployed and unable to work without her U visa. *Id.* ¶ 65. As of March 2025, K.F.G. has custody of her children, but they live with J.G.R. *Id.* ¶ 66. While the children stay with her ex-husband, K.F.G. is responsible for child support payments of $259/month. *Id.*

On September 3, 2025, K.F.G. filed a Complaint against Defendants, USCIS, the Department of Homeland Security ("DHS"), and officials with USCIS and DHS, alleging the delay relating to her petition for a U-visa is unreasonable. *See* Compl. Counts I and III assert a violation of the Administrative Procedures Act ("APA") for: (I) an unreasonable delay in making bona fide determinations; and (III) an unreasonable delay of determination of bona fide eligibility for employment authorization. Count II of the Complaint is a Mandamus Act claim based on USCIS's failure to determine K.F.G.'s eligibility for U-visa waiting list. The Complaint seeks declaratory relief that Defendants' actions/inactions violate the APA, specifically 5 U.S.C. §§ 555(b), 706(1) and 8 C.F.R. §§ 214.14(d)(2). The Complaint also asks for an order compelling Defendants to determine K.F.G.'s eligibility for a U-visa or for

placement on the U-visa waiting list.  K.F.G. also filed an Application to Proceed in District

Court Without Prepaying Fees or Costs.  *See* ECF No. 6.

## II.    LEGAL STANDARDS

### A.    Screening pursuant to 28 U.S.C. § 1915(e) - Review of Applicable Law

Where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is

required to screen the complaint and to *sua sponte* dismiss any claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against

a defendant who is immune.  *See* 28 U.S.C. § 1915(e)(2).  The standard of review is the same as

for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See*

*Bartelli v. Galabinski*, 228 F. App'x 194, 196 (3d Cir. 2007) (citing *Tourscher v. McCullough*,

184 F.3d 236, 240 (3d Cir. 1999)).

### B.    Motion to Dismiss, Fed. R. Civ. P. 12(b)(6) – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

### C.     U-Visas - Review of Applicable Law

Pursuant to 8 U.S.C. § 1101(a)(15)(U), a person that "has suffered substantial physical or mental abuse as a result of having been a victim of [certain] criminal activity," including sexual assault, may apply for a U-visa.  A U-visa holder may, after at least three (3) years of physical presence in the United States, apply for permanent residence status.  *See* 8 U.S.C. § 1255(m).

### D.     Administrative Procedure Act - Undue Agency Delay - Review of Applicable Law

The APA directs that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Pursuant to the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  However, a court is empowered "only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act."  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (internal quotations omitted).  "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take."  *Id.*

### E.     Mandamus Act - Review of Applicable Law

"The common-law writ of mandamus, as codified in 28 U. S. C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  "To obtain mandamus relief, the plaintiff must establish, by a preponderance of the evidence, three elements: (1) the plaintiff must have a clear right to the relief requested; (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available to

the plaintiff." *Taylor v. United States Dep't of Labor*, 552 F. Supp. 728, 744 (E.D. Pa. 1982),

*aff'd* 725 F.2d 670 (3d Cir. 1983).

## III.    DISCUSSION

The "district court [i]s authorized by the APA to provide a remedy for undue agency

delay." *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 52 (3d Cir. 1987).

Accordingly, because the APA provides a remedy for K.F.G.'s complaint of undue delay,

mandamus relief under § 1361 is not available. *See id.* (concluding that because the plaintiff had

an adequate remedy under the APA, he was not entitled to relief under 28 U.S.C. § 1361); *Doe v.*

*Mayorkas*, No. 5:21-cv-01530-JMG, 2021 U.S. Dist. LEXIS 208053, at *16 (E.D. Pa. Oct. 28,

2021) ("The Mandamus Act is inapplicable because the APA affords jurisdiction to review

Plaintiffs' claims of unreasonable delay.").  "Moreover, a writ of mandamus cannot be used to

compel or control a federal officer's discretionary duties." *Shukhrat v. Sec'y United States Dep't*

*of Homeland Sec.*, 634 F. App'x 880, 884 (3d Cir. 2015).  "Since the applicable statutes provide

USCIS with the sole discretion to determine eligibility for U-Visas, mandamus is not warranted."

*Id.* (internal citation omitted).  Count II of the Complaint is dismissed with prejudice. *See Brobst*

*v. AG United States*, 807 F. App'x 184, 185 (3d Cir. 2020) (affirming dismissal of a mandamus

complaint on screening pursuant to 28 U.S.C. § 1915(e)(2)(B) where the plaintiff had no right to

mandamus relief); *Doe*, 2021 U.S. Dist. LEXIS 208053, at *19 (dismissing mandamus claim

because the APA provided a remedy for the plaintiff's four-year delay in adjudication of her U-

visa petition).

## IV.    CONCLUSION

K.F.G.'s Application to Proceed in District Court Without Prepaying Fees or Costs is

granted.  Accordingly, this Court has conducted the required screening of the Complaint

pursuant to 28 U.S.C. § 1915(e)(2).  For the foregoing reasons, because the APA provides an

adequate remedy for her claims of undue delay in the adjudication of her U-visa petition,

mandamus relief is unavailable.  Count II is therefore dismissed with prejudice.

      An appropriate Order follows.

                  BY THE COURT:

                  */s/ Joseph F. Leeson, Jr.*
                  JOSEPH F. LEESON, JR.
                  United States District Judge