UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.F.G.,<br> Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY (DHS), *et al.*,<br> Defendants | :<br>:<br>:<br>:  No. 5:25-cv-5051<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this 12th day of November, 2025, it appearing that the Defendants[1] in this case did not waive service pursuant to Federal Rule of Civil Procedure 4(d), **IT IS ORDERED THAT**:

  1. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

    a. U.S. CITIZENSHIP AND IMMIGRATION SERVICE (USCIS)

    b. U.S. DEPARTMENT OF HOMELAND SECURITY (DHS)

    c. KRISTI NOEM, Secretary of Homeland Security

    d. PAMELA BONDI, Attorney General of the United States

    e. JOSEPH B EDLOW, Director, U.S. Citizenship and Immigration Services

    f. DANIEL M. RENAUD, Director, USCIS Vermont Service Center

    g. LOREN K. MILLER, Director, USCIS

---

[1] The United States Attorney, only, accepted service.  *See* ECF No. 14.  *See also* Fed. R. Civ. P. 4(i) (providing that when a United States agency or corporation, or a United States officer or employee is sued, a party must serve the United States attorney's office).

2. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's counsel together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph one (1) of this Order.[2] The Clerk of Court is further **DIRECTED** to record the mailing on the docket.

3. To proceed with service, Plaintiff's counsel must complete one USM-285 Form for each Defendant listed in paragraph one (1) and return the completed forms to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Plaintiff completes and returns these forms.

4. In completing the USM-285 Forms, Plaintiff is instructed as follows:

   a. Plaintiff should complete one separate USM-285 Form for each Defendant listed in paragraph one (1) of this Order. Only one Defendant's name should appear on each USM-285 Form.

   b. Plaintiff shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph one (1) of this Order.

   c. Plaintiff should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

   d. Plaintiff must provide each Defendant's complete address at a location where that Defendant can be served. **The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.** It is Plaintiff's responsibility, and not the

---

[2] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

        duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants.[3]

    e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Plaintiff's claims against any such Defendant.

5. Plaintiff is cautioned that failure to return completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute, without further notice from the Court.

6. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Plaintiff returns in this case.

7. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").